Stephen COLLIER, Appellant,

v.

WICHITA COUNTY CHILD WELFARE UNIT, Appellee.

No. 2–85–218–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 10, 1986.

Douglas L. Baker, Wichita Falls, for appellant.

Jeanmarie Baer, Smith, Douglass & Cook, James E. Cook, Wichita Falls, for appellee.

Before FENDER, C.J., and JOE SPURLOCK, II and HILL, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from a trial court's dismissal of appellant, Stephen Collier's, counterclaim for the voluntary legitimation of two children, S.G.J. and D.J.J. *See* TEX. FAM. CODE ANN. sec. 13.21 (Vernon Pamph.Supp.1986).

The judgment is affirmed.

Appellant was living with Janice Jones in Wichita Falls in January of 1978. Janice was then married to Richard Jones. Richard Jones was apparently living at Andrews Air Force Base in Washington, D.C. during this time.

On December 14, 1978, during the time Stephen Collier and Janice Jones were living together, S.G.J. was born. In 1980, Janice Jones and Richard Jones were divorced. In pleadings contained in the transcript, appellees, Wichita County Child Welfare Unit, allege that the child, S.G.J., "was not mentioned in the divorce decree."

On April 28, 1982, also during the time when appellant and Janice Jones were living together but after Janice and Richard Jones were divorced, D.J.J. was born. Two and one half months later, on July 19, 1982, appellant and Janice were married. Appellant was later incarcerated. No children were born during the time he was in prison and he had the marriage annulled when he returned from prison approximately five months later. At the hearing concerning the annulment, appellant swore under oath that no children were born of his marriage to Janice Jones.

The record does not give the exact dates, but apparently Janice Jones, over the years, alternatively left the children for certain periods with appellant and his mother, Ula Collier, and with appellee.

On July 6, 1983, the Wichita County Child Welfare Unit supervisor was appointed temporary managing conservator of the children. Janice Jones was appointed temporary possessory conservator of the children. On January 26, 1984, appellee filed its "First Amended Petition Suit Affecting The Parent-Child Relationship/Termination Of Parent-Child Relationship" requesting that: 1) the parent-child relationship between Janice Jones and the children be terminated because she "[v]oluntarily left the children alone ... and remained away for a period of at least six months"; 2) that the parent-child relationship between Richard Jones and the child, S.G.J., be terminated because he "[f]ailed to support the child in accordance with his ability"; and 3) that the parent-child relationship between the children and the alleged biological father of the children, Stephen Collier, should be decreed to be nonexistent in law and in fact.

No answer was filed by Janice Jones nor by Richard Jones. However, appellant

filed an answer and a counterclaim. In his counterclaim, appellant contended that: 1) he is the biological father of the children; 2) that he has executed a statement of paternity in accordance with sec. 13.22 of the Family Code which he attached to his original answer;[1] 3) that although the consent of the mother has not been obtained concerning the legitimation of the children, it is in the best interest of the children that the legitimation be granted; and 4) he asked that the children's last name be changed to Collier rather than Jones.

The attorney ad litem for the children then filed a motion to dismiss the original answer and counterclaim of Stephen Gregory Jones [sic]. The motion to dismiss alleged that: 1) because S.G.J. was born during the marriage of Janice Jones and Richard Jones, any attempt to attack the child's status would be a collateral attack on the decree of divorce, to which appellant was not a party; 2) appellant is collaterally estopped from asserting that he is the biological father of D.J.J. because he swore under oath at the hearing concerning his annulment of his marriage to Janice Jones, that there were no children of the union; and 3) the legitimation of the children by appellant is not in their best interest.

The trial court severed the counterclaim from the suits affecting the parent-child relationship/termination of parent-child relationship. A hearing was held on the motion to dismiss the counterclaim. After the trial judge took the cause under advisement, the counterclaim was dismissed. The judgment does not state why the counterclaim was dismissed.

In his sole point of error appellant contends that the trial court erred in dismissing his counterclaim. Appellant contends that procedural due process requires that he, as the biological father, be given an opportunity to a full trial on the question of whether it is in the children's best interest that they be legitimated. *See Stanley v. Illinois,* 405 U.S. 645, 658, 92 S.Ct. 1208, 1216, 31 L.Ed.2d 551 (1972). We disagree.

■ First of all, we find that D.J.J. is already the legitimate child of appellant. Section 12.02(a) of the Family Code states that a child is the legitimate child of his father if the child is born before or during the marriage of his father and mother. *See* TEX. FAM. CODE ANN. sec. 12.02(a) (Vernon Pamph.Supp.1986). D.J.J. was born two months before appellant and Janice Jones married. The fact that the marriage was later annulled had no effect on D.J.J.'s legitimacy. *See Home of Holy Infancy v. Kaska,* 397 S.W.2d 208, 212–13 (Tex.1965).

Appellee contends that in the statements of paternity filed by appellant as to each child, he stated that he was "not married to the mother of either child at the time of conception of said child or at any subsequent time", and that he is bound by these statements and is estopped from asserting a position inconsistent with these statements.

In the one statement of paternity contained in the record, appellant was required to comply with sec. 13.22 of the Family Code and, therefore, to state that he was never married to Janice Jones. *See* TEX. FAM. CODE ANN. sec. 13.22 (Vernon Pamph.Supp.1986). The fact that he made this statement does not make D.J.J. illegitimate. Because D.J.J. was legitimated when Janice and appellant married, *see* TEX. FAM. CODE ANN. sec. 12.02(a), it would take much more than one mere statement by appellant to make D.J.J. illegitimate. *See, e.g., C.G.W. v. B.F.W.,* 675 S.W.2d 323, 325 (Tex.App.—San Antonio 1984, no writ).

Inasmuch as D.J.J. was already the legitimate child of appellant, the trial court properly dismissed appellant's counterclaim seeking to voluntarily legitimate this child.

■ Concerning S.G.J., *Stanley,* 405 U.S. at 658, 92 S.Ct. at 1216, 31 L.Ed.2d 551, requires that the biological father of an illegitimate child be given a hearing upon the death of the mother of the chil-

---

**1.** The statement of paternity for S.G.J. was the only one contained in the transcript.

dren so that he has an opportunity to prove that he is fit to raise his children. *See id.*

Appellant herein was given notice of the petition to terminate Janis' parental rights and he filed a counterclaim asking for a hearing, as he contends is required by *Stanley,* on his voluntary legitimation petition. The trial court dismissed his counterclaim without explanation.

Appellant sought to voluntarily legitimate the child under sec. 13.21 of the Family Code. *See* TEX. FAM. CODE ANN. sec. 13.21. This he cannot do because this code section concerning voluntary legitimation deals with the legitimation of *illegitimate* children. S.G.J. is already the legitimate child of Richard Jones. *See* TEX. FAM. CODE ANN. sec. 12.02 (Vernon Pamph.Supp.1986), which provides that a child is the legitimate child of his father if the child is born during the marriage of his father and mother.

Appellant should have filed suit to rebut the presumption of sec. 12.02(a) that S.G.J. is the legitimate child of Richard Jones. Further, he should have asked the trial court to find, once the presumption had been rebutted, that the child is his own legitimate son under the same code section because he, the biological father, married the mother of the child after the child's conception and birth. *See* TEX. FAM. CODE ANN. sec. 12.02.

In his pleadings, appellant never asked for a chance to prove that S.G.J. was not the child of Richard Jones. *Cf. C.G.W.,* 675 S.W.2d at 325. Nor did he apprise the trial court that once he met this burden, he would rely upon the existence of the presumption that S.G.J. is his own legitimate child under TEX. FAM. CODE ANN. sec. 12.02. Instead, he sought to legitimate the child of another man.

The trial court correctly dismissed appellant's counterclaim because the voluntary legitimation statute does not apply to children who are already legitimate. *See* TEX. FAM. CODE ANN. sec. 13.21.

The judgment is affirmed.

HILL, Justice, dissenting.

I respectfully dissent, because I find that the trial court erred in dismissing Collier's counterclaim.

Collier's request of the court was very simple. He sought a legal determination of his parental status as to these two children and he sought custody of them. If he has the legal right to have his status as a parent determined, and, as a parent, to seek conservatorship of the children, then the trial court erred in dismissing his claim.

The majority would surely not question Collier's right, if he is the parent of the two children, to seek appointment as their managing conservator, as provided by TEX. FAM. CODE ANN. sec. 11.03(a)(1) (Vernon Pamph.Supp.1986).

The Code defines "parent" as the mother, a man as to whom the child is legitimate, an adoptive mother or father, but does not include a parent as to whom the parent-child relationship has been terminated. TEX. FAM. CODE ANN. sec. 11.01(3) (Vernon 1975). The Code further provides that a child is the legitimate child of his father if the child is conceived before or during the marriage of his father and mother. TEX. FAM. CODE ANN. sec. 12.-02(a) (Vernon Pamph.Supp.1986).

If we apply these rules with respect to the child D.J.J., who was conceived and born after his mother's marriage to Jones but before her marriage to Collier, Collier is the parent of D.J.J, if he is able to establish that he is D.J.J.'s father. As D.J.J.'s parent, Collier would have the right in this proceeding to seek managing conservatorship, as he has done. In fact, in view of the termination of the mother's rights, he would be entitled to appointment as D.J.J.'s managing conservator absent evidence to support a finding that his appointment would not be in the best interest of the child. TEX. FAM. CODE ANN. sec. 14.01(b) (Vernon 1975). Since there has been no fact finding as to Collier's fatherhood of D.J.J., I believe that it is inappropriate for us to make such a finding of fact by declaring him to be the father.

We are presented with a unique situation in the case of the child S.G.J. S.G.J. was apparently conceived and born during the mother's marriage to Jones, but while she was living with Collier. He was also conceived and born before the mother's marriage to Collier. Under the provisions of TEX. FAM. CODE ANN. sec. 12.02(a), either Jones or Collier is potentially the parent of S.G.J. There is a strong presumption that S.G.J. is the legitimate child of Jones, since he was conceived and born during his mother's marriage to Jones. *Clark v. Clark*, 643 S.W.2d 795, 797 (Tex. App.—Fort Worth 1982, no writ). The presumption is rebuttable, however, by a showing of clear and convincing evidence that it is impossible for the husband to have been the father. *Id.; C.G.W. v. B.F.W.*, 675 S.W.2d 323, 325 (Tex.App.—San Antonio 1984, no writ). If Collier meets this burden and establishes by clear and convincing evidence that Jones could not have been S.G.J.'s father, and he further establishes by a preponderance of the evidence that he is S.G.J.'s father, then he is S.G.J.'s parent by virtue of his marriage to S.G.J.'s mother after S.G.J.'s conception and birth. As S.G.J.'s sole parent, Collier would be entitled to be appointed as the child's managing conservator absent evidence to support a finding that his appointment would not be in S.G.J.'s best interest. TEX. FAM. CODE ANN. sec. 14.01(b).

The majority, in an overly-technical reading of Collier's petition, ignores his allegations and prayer that his status as a parent be legally determined and that he be appointed as the children's managing conservator. The Texas Supreme Court has held that technical rules of practice and pleading are of little importance in determining issues concerning the custody of children. *Leithold v. Plass*, 413 S.W.2d 698, 701 (Tex.1967). *See also Graham v. Graham*, 584 S.W.2d 938, 940 (Tex.Civ.App.—Waco 1979, no writ).

I would reverse the order of dismissal and remand this cause for further proceedings consistent with this opinion.