The ATTORNEY GENERAL OF TEXAS,
on Behalf of Itself, and Crystal
Flemings, Petitioners,

v.

Willie LAVAN, Jr., Respondent.

No. D–0822.

Supreme Court of Texas.

July 1, 1992.

Charles G. Childress, Dan Morales, Austin, for petitioners.

Mark M. Humble, Cameron, for respondent.

OPINION

CORNYN, Justice.

This paternity suit, brought by the State of Texas "and/or Crystal Flemings," seeks to establish that a child, D.E.F., is the offspring of Willie Lavan Jr. (Lavan), Respondent, and to disprove the paternity of Willie Flemings (Flemings), the child's presumed father.[1] Lavan moved for summary judgment on the basis that no suit could be maintained against him under chapter 13 of the Family Code[2] because D.E.F. has a

---

1. Flemings is D.E.F.'s presumed father by virtue of Section 12.02, which provides in relevant part:
   (a) A man is presumed to be the biological father of a child if:
   (1) he and the child's biological mother are or have been married to each other and the child is born during the marriage. . . .

TEX.FAM.CODE § 12.02(a)(1).

2. All references to the "Code" or "Family Code" refer to the Texas Family Code, unless otherwise specified.

presumed father. Further, Lavan claimed that this presumption can never be rebutted because neither Flemings nor Crystal denied Flemings' paternity of D.E.F. in the divorce proceeding that dissolved their marriage after the child was born.

The trial court granted Lavan's motion for summary judgment. Viewing the State's case as one brought solely under chapter 13 of the Code, the court of appeals affirmed the trial court's judgment because chapter 13 expressly prohibits a suit under that chapter when the child has a presumed father. Because we hold that the paternity of a presumed father may be rebutted in the same suit in which paternity of a biological father is also sought to be established, and that the State has standing to bring such proceedings and is not barred from doing so, we reverse the judgment of the court of appeals and remand this cause to the trial court.

I.

Crystal and Willie Flemings were married in August 1980. After they had separated, but before they were divorced, Crystal gave birth to a child, D.E.F. When Flemings instituted divorce proceedings, Crystal, without legal representation, executed a waiver of citation but did not otherwise participate in the divorce proceedings. The record is silent about why D.E.F. was never mentioned in either the petition for divorce or the divorce decree that was signed by the court on October 1, 1986. However, no order of the court purported to adjudicate the child's paternity or provided for the financial support of the child.

On March 4, 1988, the Attorney General, on behalf of the State, filed an Original Petition in Suit to Establish Parent–Child Relationship, seeking to establish paternity in Lavan. While this suit was pending in the trial court, on September 1, 1989, the Family Code was amended to provide that a suit to establish paternity under chapter 13 of the Code may only be brought when the child for whom paternity is sought to be established has no presumed father. Tex.Fam.Code § 13.01(a).[3] Lavan thereafter filed a motion for summary judgment on September 18, 1989, alleging that no paternity suit could be brought against him because D.E.F. had a presumed father. Further, Lavan contended that his paternity could never be established because rebuttal of Flemings' presumed paternity was foreclosed by the Flemingses' divorce decree in which neither Crystal nor Flemings, whom he contends are the only parties who have standing to do so, failed to deny Flemings' paternity. *See* Tex.Fam. Code § 12.06.[4]

Soon thereafter, on September 21, 1989, the State filed an amended pleading joining Flemings as a party. In due course, Flemings appeared and entered a general denial on November 1, 1989. That same day the State filed its response to Lavan's motion for summary judgment. As part of its summary judgment evidence, the State submitted affidavits from Crystal and Willie Flemings seeking to rebut the presumption of Flemings' paternity. In her affidavit, Crystal swore that during the time D.E.F. was conceived she and Willie Flemings were living apart and had no sexual contact; Lavan was the only man, she testified, with whom she had sexual relations

---

3. That section provides:
   (a) A suit to establish the parent-child relationship between *a child who has no presumed father* and the child's biological father may be brought by the mother, by a man claiming to be or possibly to be the father, or by any other person or governmental entity having standing to sue under Section 11.03 of this code. A suit to establish paternity may be brought before the birth of the child, but must be brought on or before the second anniversary of the day the child becomes an adult, or the suit is barred.
   Tex.Fam.Code § 13.01(a) (emphasis added).

4. The pertinent portion of that section provides:
   (a) In any suit affecting the parent-child relationship, *other than a suit under Chapter 13 of this code,* a husband or wife is entitled to deny the husband's paternity of the child who is the subject of the suit and who was born or conceived during the marriage of the parties. The question of paternity under this section must be raised by an express statement denying paternity of the child in the spouse's pleadings in the suit, without regard to whether the spouse is a petitioner or respondent.
   Tex.Fam.Code § 12.06(a) (emphasis added).

between September 1984 and March 1985 and was the child's biological father. Willie Flemings likewise swore that he was not the biological father of D.E.F. and waived any legal rights he might have had to the child. The State argued that the present suit is not barred because D.E.F. was not a party to the divorce proceedings, and because paternity was not an issue presented for the court's determination, the doctrine of res judicata did not bar the present suit. For different reasons that we will explain, we agree with the State that the divorce decree between Crystal and Willie Flemings is no bar to these proceedings and that rebuttal of the presumption of paternity in Flemings and establishment of paternity in Lavan may be maintained in the present suit.

## II.

In affirming the judgment of the trial court, the court of appeals based its opinion on its interpretation of the language contained in § 12.06(a)[5] of the Code, read in conjunction with § 13.01(a).[6] 802 S.W.2d 73, 77–78. The court viewed the State's case as one brought solely under chapter 13 of the Code, that is, a suit to establish paternity when there is no presumed father; thus, it held that the statute's express prohibition against such suits under that chapter when the child has a presumed father barred the State's suit. *Id.* at 76. Additionally, relying on the language in chapter 12, section 12.06(a), that only expressly entitles a husband or wife to deny the husband's paternity of a child born during their marriage in any suit affecting the parent-child relationship other than a suit under Chapter 13 of the Code, the court of appeals rejected the State's arguments and affirmed the summary judgment in favor of Lavan. *Id.* at 78.

■ We conclude, however, that the Attorney General's First Amended Petition to Establish the Parent–Child Relationship states a cause of action under chapter 12 as well as chapter 13 of the Family Code. The allegations in the petition, including the joinder of the presumed father, provided Lavan with notice of the State's intent to disestablish the parent-child relationship between D.E.F. and the presumed father, and its intent to attempt to establish Lavan's paternity in the same suit. In the absence of special exceptions seeking to limit its theories of recovery against Lavan, we construe the State's petition liberally in its favor. *See Stone v. Lawyers Title Ins. Corp.,* 554 S.W.2d 183, 186 (Tex.1977). And, because the record does not show that Lavan complained of the breadth of, or any ambiguity in the State's pleadings, we hold that any failure of the petition to specifically cite the State's reliance upon chapter 12 of the Code is waived. Tex.R.Civ.P. 90.

■ We also find nothing in the Code that expressly prohibits the State from bringing a claim under chapter 12 to disestablish the paternity of a presumed father in the same suit in which it brings a claim under chapter 13 to establish paternity in an alleged biological father. To allow both claims in this case to be joined in one suit advances the best interest of the child by eliminating any period of time a child would be left without the benefit of a legal father. Consolidation of these claims is also within the letter and spirit of Rules of Civil Procedure 39 (Joinder of Persons Needed for Just Adjudication), 40 (Permissive Joinder of Parties) and 51 (Joinder of Claims and Remedies). Conversely, we find no countervailing benefit from a requirement that the paternity of a presumed father be disestablished in a final judgment in a separate proceeding before proceeding with a second suit to establish the paternity of an alleged biological father.

## III.

■ Next we must decide the effect of Willie and Crystal Flemings' failure to deny Flemings' paternity in their divorce proceedings. In his motion for summary judgment Lavan argued that Flemings' status as the presumed father of D.E.F. may not be rebutted in this proceeding because

5. *See supra* note 4.

6. *See supra* note 3.

neither Crystal nor Willie Flemings denied Flemings' paternity in their divorce suit. Lavan argues that under these circumstances the prior divorce decree bars any reconsideration of D.E.F.'s paternity. We disagree.

Lavan's argument assumes that only a husband or a wife has standing to rebut the presumption of the husband's paternity under the facts of this case. However, that assumption is unfounded. Under section 11.03 of the Code, the State, as a governmental entity, has standing to bring this suit. The applicable section, entitled, "Who May Bring Suit," states:

> (a) An original suit affecting the parent-child relationship may be brought at any time by:
>
> \* \* \* \* \* \*
>
> (5) a governmental entity

TEX.FAM.CODE § 11.03(a)(5).

We need not decide whether Crystal or Willie Flemings' failure to deny D.E.F.'s paternity in their divorce suit bars the present paternity suit against Lavan because the State was not a party to the Flemingses' divorce proceedings. Because the State as a governmental entity has independent standing to bring a suit affecting the parent-child relationship, and because the State cannot be barred for failure to litigate an issue in a suit to which it was not a party, the Flemingses' divorce suit is no impediment to these proceedings. *See Abbott Laboratories v. Gravis*, 470 S.W.2d 639, 643 (Tex.1971) (doctrine of res judicata does not adjudicate rights of "strangers" to a judgment). Nor was the issue of D.E.F.'s paternity fully and fairly litigated in the divorce proceeding such that consideration of that issue is foreclosed here. *See Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex. 1990) (to invoke collateral estoppel, facts sought to be litigated in the second action must be fully and fairly litigated in the

prior action); *cf. Espree v. Guillory*, 753 S.W.2d 722, 724 (Tex.App.—Houston [1st Dist.] 1988, no writ) (finding in consent decree that child is of the marriage collaterally estops relitigation of issue); *Espiricueta v. Vargas*, 820 S.W.2d 17, 19 (Tex. App.—Austin 1991, writ denied) (third party not bound by divorce decree; further, decree that recites that child is "of the marriage" does not litigate paternity); *Attorney Gen. of Texas v. Ridge*, 773 S.W.2d 645, 648 (Tex.App.—San Antonio 1989, writ denied) (child not bound by prior, court approved order of nonpaternity and had the right to file a paternity suit against an alleged father).

## IV.

■ Given, as we have held, that the State has standing, may join claims under Chapters 12 and 13 of the Code, and is not barred from bringing this suit by the Flemingses' divorce proceedings, the only remaining issue is whether Crystal and Willie Flemings' express denial of Flemings' paternity entitles the State to attempt to rebut the presumption of paternity. Section 12.06 declares that "[t]he question of paternity under this section must be raised by an express statement denying paternity of the child in the *spouse's pleadings* in the suit, without regard for whether the spouse is a petitioner or respondent." (emphasis added). We hold that the requirements of section 12.06 are met here because both the mother and presumed father expressly deny in a written instrument filed of record Flemings' presumed paternity of the child who is the subject of the suit.[7] Thus, the State is entitled to introduce otherwise admissible evidence to rebut[8] the presumed father's paternity under chapter 12 in this suit.

\* \* \* \* \* \*

---

7. We do not consider whether any other party may satisfy the procedural requirements of section 12.06 by expressly denying a child's paternity. We merely hold on these facts that either a mother or a presumed father, or both, may satisfy the procedural requirements of section

12.06, allowing the State to meet, if it can, its burden of proof.

8. *See Garza v. Maverick Market, Inc.*, 768 S.W.2d 273, 276 (Tex.1989) (listing types of evidence generally admissible).

Therefore, for the reasons we have explained, Lavan's summary judgment cannot stand. We reverse the judgment of the court of appeals and remand this cause for trial.