**In the Interest of B.I.V., a Minor.**

**No. 13–91–080–CV.**

Court of Appeals of Texas,
Corpus Christi.

May 7, 1992.

Opinion on Denial of Rehearing
Nov. 6, 1992.

Dolores E. Valadez, Mission, Kevin T. O'Hanlon, Charles G. Childress, Asst. Atty. Gen., Child Support Enforcement, Austin, George Barnes, Asst. Atty. Gen., Child

Support Enforcement, Brownsville, Gregory R. Wettman, Wettman & Wettman, Houston, for appellant.

John E. Lewis, Lewis, Pettitt & Hinojosa, McAllen, for appellee.

Before GILBERTO HINOJOSA, KENNEDY, and DORSEY, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

This is an appeal from the entry of summary judgment in a paternity suit. Appellant, Dolores Valadez, brings two points of error claiming that a fact issue exists regarding paternity, and that the trial court erred in failing to sanction appellee, Raul Longoria. We affirm.

The summary judgment evidence showed that B.I.V. was born to appellant on March 9, 1978. She married Adolfo Valadez on September 5, 1960. They remained married until at least 1985, and lived together until 1982. Thus, at the time of the child's conception and birth she was married to Adolfo Valadez.[1] In an affidavit filed with appellant's response to the motion for summary judgment appellant claims that appellee is the child's father.

Appellee filed a motion for summary judgment asserting that the instant paternity suit was improperly filed because the child had a presumed father, and that this bars a paternity action involving the child. Attached to the motion was the child's birth certificate and a transcript of a sanctions hearing in this case in which appellant testified.

Appellant filed a response to the motion for summary judgment arguing that a question of fact existed regarding whether appellee was the biological father of the child. Additional summary judgment proof which allegedly supported this response

was inadmissible because it was not attached to the response or timely filed prior to the judgment.[2] In support of her response she argues that appellee's failure to take the paternity test raises a presumption of paternity, or shifts the burden of proof to him to disprove his paternity. This presumption or shifting of the burden of proof, she alleges, is what creates a question of fact making summary judgment inappropriate.

This decision is controlled by two sections of the Family Code, § 13.01(a) and § 12.01(a)(1). Section 13.01(a) provides:

§ 13.01 **Parties: Time Limitation of Suit**

(a) A suit to establish the parent-child relationship between **a child who has no presumed father** and the child's biological father may be brought by the mother, by a man claiming to be or possibly to be the father, or by any other person or governmental entity having standing to sue under Section 11.03 of this code. A suit to establish paternity may be brought before the birth of the child, but must be brought on or before the second anniversary of the day the child becomes an adult, or the suit is barred. (Emphasis added).[3]

TEX.FAM.CODE ANN. § 13.01(a) (Vernon 1989). This provision specifically limits the filing of a paternity action to those situations in which the child involved has "no presumed father."

The Family Code raises a presumption that the husband of the child's mother is the child's biological father if the child is born during the marriage. Section 12.01(a)(1) of the Family Code provides:

A man is presumed to be the biological father of a child if:

1. Adolfo Valadez is not named as a party in this suit and has not undergone paternity testing.

2. Appellee's motion to strike these exhibits is granted because this material was not before the court at the time summary judgment was granted. *See Trapnell v. First Foods, Inc.,* 809 S.W.2d 606, 608 (Tex.App.—Corpus Christi 1991, writ denied); TEX.R.CIV.P. 166a(c) (affidavits

must be filed before summary judgment is rendered).

3. The earlier version of this statute read "not the legitimate child of a man" instead of "child who has no presumed father." Compare TEX.FAM. CODE ANN. § 13.01(a) (Vernon 1983) with TEX. FAM.CODE ANN. § 13.01(a) (Vernon 1989). This change is not substantive.

(1) he and the child's biological mother are or have been married and the child is born during the marriage ...

TEX.FAM.CODE ANN. § 12.02(a)(1) (Vernon 1989).

In *State v. Lavan*, 802 S.W.2d 73, 74–77 (Tex.App.—Austin 1990, writ granted), the Austin Court interpreted these provisions of the Family Code and held that the existence of a presumed father under § 12.-01(a)(1) conclusively barred a paternity suit against an alleged father who was not the husband of the child's mother. The Court wrote:

The State alleged in its petition that Lavan was the "biological father" of X, [the child] but the State also alleged that John Doe was X's "presumptive legal father ... because he was married to the mother ... at the time the child was conceived and/or born...." Under this pleading and § 13.01(a), the statutory cause of action can not be established as a matter of law, for the statutory action is only available "to establish the parent-child relationship between a child *who has no presumed father* and the child's biological father...."

*Id.* at 76. *See also In the Interest of M.R.M.*, 807 S.W.2d 779, 782 (Tex.App.—Houston [1st Dist.] 1991, no writ); *Jack v. Jack*, 796 S.W.2d 543, 548 (Tex.App.—Dallas 1990, no writ); *Collier v. Wichita County Child Welfare Unit*, 722 S.W.2d 198, 200–01 (Tex.App.—Fort Worth 1986, no writ).

In the instant case, the evidence conclusively showed that B.I.V. was born during a valid marriage between Dolores and Adolfo Valadez. The presumptive parent-child relationship between B.I.V. and Adolfo Valadez has not been terminated. Thus, appellant can not bring a paternity action under § 13.01(a) so long as Adolfo Valadez is the child's presumed father. *Lavan*, 802 S.W.2d at 76; TEX.FAM.CODE ANN. § 13.-01(a).

Appellant argues that appellee failed in his burden to conclusively prove he is not the biological father, thus summary judgment should be reversed. She supports her argument with summary judgment proof

stating that she did not sleep with her husband at the time B.I.V. was conceived and that appellee was B.I.V.'s biological father. She also relies upon the fact that appellee failed to take the court-ordered paternity test. In this regard, she argues that § 13.06(d) of the Family Code places the burden of proof on the issue of paternity upon an alleged father who fails to take a court-ordered paternity test. Section 13.-06(d) provides:

(d) A party who refuses to submit to paternity testing has the burden of proving that the alleged father is not the father of the child.

TEX.FAM.CODE ANN. § 13.06(d) (Vernon 1990).

These facts and § 13.06(d) are relevant to determine paternity in a properly filed paternity suit under Chapter 13 of the Family Code. The instant case, however, is not a properly filed action to establish paternity under Chapter 13 because a presumed father exists. Therefore the trial court correctly determined that evidence of paternity and § 13.06(d) were not relevant to this summary judgment.

■ Appellant also argues that § 13.-01(a) does not mean what it says because § 12.02 indicates a legislative intent to permit rebuttal of the § 12.01(a)(1) presumption of the husband's biological fatherhood prior to its termination by court decree. Section 12.02(b) provides:

(b) A presumption under this section may be rebutted only by clear and convincing evidence. If two or more presumptions arise that conflict, the presumption that is founded on the weightier considerations of policy and logic controls. **The presumption is rebutted by a court decree establishing paternity of the child by another man.** (Emphasis added)

TEX.FAM.CODE ANN. § 12.02(b) (Vernon 1989).

Much of appellant's reasoning is predicated on the assumption that the legislature did not intend to require termination of the presumed father's rights before a Chapter 13 paternity action may be filed.

However, the best evidence of a statute's meaning is its language. The Supreme Court of Texas recently wrote: "Where language in a statute is unambiguous, this court must seek the intent of the legislature as found in the plain and common meaning of the words and terms used." *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 352 (Tex.1990). The statutory language in § 13.01(a) is unambiguous.[4] The *Lavan* Court agrees. *Lavan*, 802 S.W.2d at 76. Thus, the most fundamental problem with appellant's position in this Court is "[w]hen the Legislature has spoken on a subject, its determination is binding upon the courts unless the Legislature has exceeded its constitutional authority." *Public Util. Com'n, v. Cofer*, 754 S.W.2d 121, 124 (Tex.1988).[5]

When construing a statute, we also follow the Code Construction Act, which specifically states that a "just and reasonable result is intended," and "public interest is favored over any private interest." TEX. GOV.CODE ANN. § 311.021(3) and (5) (Vernon 1985). The just and reasonable result specified by the legislature is that appellant must exclude the possibility that her former husband is the biological father of the child. The public interest involved is the interest of the vast majority of·children and families potentially involved in paternity actions. The private interest asserted here is appellant's request for us to ignore the plain language of the statute so this improperly filed lawsuit may proceed. Appellant has articulated no reason why this court should remove important protections provided by the legislature to the public in order to facilitate appellant's private interest in this lawsuit.

In addition, when construing a statute we also consider:

1) [the] object sought to be attained; 2) circumstances under which it was enacted; 3) legislative history; 4) common law or former statutory provisions; [and] 5) [the] consequences of a particular construction; ...

*Id.* § 311.023(1)–(4) and (5). Based on our analysis of these principles, we disagree with appellant's assumption that the legislature did not intend to require termination of existing parental rights before initiating a paternity action in cases in which a presumed father exists.

Our review of the law in this area reveals that the Supreme Court of Texas has determined that the Legislature's declared public policy favors legitimacy. *Home of Holy Infancy v. Kaska*, 397 S.W.2d 208, 212 (Tex.1965). Before enactment of statutes governing termination of parental rights between a child and the mother's husband, a child was almost conclusively presumed to be the child of the marriage.[6] *See Esparza v. Esparza*, 382 S.W.2d 162, 168 (Tex.Civ.App.—Corpus Christi 1964, no writ), *overruled on other grounds, Davis v. Davis*, 521 S.W.2d 603 (Tex.1975). This was one of the strongest presumptions known to the law. *Id.* Proof of a paternity different from the presumed paternity was difficult. *Id.* The purpose was to protect the vast majority of children from bastardization, and the resulting loss of rights.

At common law, a bastard's loss of financial rights was more severe than it is today; but challenges to presumed paternity both at common law and in modern society also carry with them extreme costs. At common law, the father of a bastard had no duty to support the child. *Lane v. Phillips*, 69 Tex. 240, 6 S.W..610, 611 (1887). Today the financial injury caused by bastardization is in many cases alleviated to some extent by the biological father's duty to support. TEX.FAM.CODE ANN. § 12.04(3). However, there are still many severe nega-

4. Indeed, appellant does not argue for a reasonable alternative construction of § 13.01(a), rather, she argues that we should disregard the statute's plain language and consider the words "no presumed father" as mere surplusage. We disagree with this approach to statutory construction. *Moreno*, 787 S.W.2d at 348.

5. No constitutional arguments were presented to the trial court in the response to the motion for summary judgment. These arguments are waived. *Trapnell*, 809 S.W.2d at 609.

6. In some jurisdictions proof of non-paternity under these circumstances was "almost irrebuttable." *Lavan*, 802 S.W.2d at 75.

tive effects of bastardization to a child, and others, if the paternity of a child born during a marriage is questioned. These include probable destruction of the child's family, loss of support from the presumed father, social stigma, severe emotional damage to the child and all concerned, and costs to society.

The legislative intent as reflected in § 13.01(a) and other sections of the Family Code reveals a purpose consistent with the common law and common sense: to make bastardization of a child difficult under any circumstances, and impossible in the absence of clear and convincing evidence. Section § 13.01(a) furthers this purpose by requiring, as a prerequisite to a paternity action, termination of the existing parent/child relationship between the child and the presumed father, who—in all except a vanishingly small number of cases—is the most likely biological father. The legislative purpose is clear and logical: to eliminate every possibility that the presumed father is not the biological father, before suits are filed which may ultimately bastardize a child. This procedure provides the child with one last chance to establish paternity in his or her mother's husband.

Considering the foregoing, we reject appellants' argument that the legislature did not intend to require termination of a presumed father's parental rights before a Chapter 13 paternity suit could be filed against someone other than the husband of the child's mother. We find the requirement that existing parent/child relationships should be terminated before such suits are filed "just and reasonable," and consistent with the object sought to be attained, the circumstances under which the statute was enacted, the common law, and the foreseeable consequences of the intended construction. *See* Tex.Gov.Code Ann. § 311.021(3) and § 311.023(1)–(4), and (5) (Vernon 1985).

We also note that appellant's statutory construction argument is weak for several reasons. These two statutory provisions, § 13.01(a) and § 12.02(b), can be harmonized without conflict or violence to the legislature's requirement that a child with a

presumed father may not bring a paternity suit. *See* Tex.Gov.Code Ann. § 311.026(a) (Vernon 1985) (If general provision conflicts with a special provision they shall be construed to give effect to both provisions). The reference to a "court decree" in § 12.-02(b) is not necessarily a reference to a paternity suit under Chapter 13; the term "court decree" includes voluntary paternity decrees under § 13.21, divorce decrees, suits from sister states, and many other cases not involving a § 13.01(a) paternity suit.

■ Moreover, even if the statutory provisions must be construed as conflicting, the result would not change. Specific statutory provisions control over general provisions. *Id.* § 311.026(b). Section 13.01(a), which refers to "suits to establish paternity," is more specific than § 12.02(b) which refers to termination of the presumption in other court decrees such as those concerning voluntary paternity. Thus, the rule set forth in Chapter 13 controls.

■ An exception to the rule that specific statutory provisions control over general is found in the second part of § 311.026(b) which provides that a general provision which is enacted after the specific provision controls if the manifest intent of the legislature is that the general provision controls. The statutory language and the other factors discussed above do not reveal a manifest legislative intent that the more general provision control. Therefore this exception does not apply.

■ Considering appellant's policy arguments, we note the benefit of expediency proffered by appellant is simply an insufficient reason to eliminate the important, inexpensive procedural safeguard set up by the Legislature. In light of the beneficial effects of termination of existing rights before a paternity suit may be filed, weighty considerations of policy and logic support the presumption that a child born during a marriage is that of the husband and wife and the Legislature's requirement that such relationships be terminated before paternity actions against an alleged biological father may be filed.

We hold that a paternity action may not be filed if the child has a presumed father. *Lavan*, 802 S.W.2d at 76; Tex.Fam.Code Ann. § 13.01(a). At this point in time, appellant simply has not filed a proper paternity action. Appellant's first point of error is overruled.

■ Appellant's second point of error complains that the trial court erred in failing to sanction appellee for failing to take a paternity test. Section § 13.02(a) of the Family Code requires the trial court to order paternity testing of the father. The trial court ordered appellee to take paternity tests, and he refused. The trial court held a hearing, but did not sanction appellee.

If the trial court's failure to sanction appellee is error, it was harmless. Tex. R.App.P. 81(b)(1). As discussed above, there is a presumed father, thus this suit cannot be brought as a matter of law. *Lavan*, 802 S.W.2d at 76. As a result, the paternity test could not have affected the disposition of this case. Under these circumstances, the trial court did not abuse its discretion in failing to sanction appellee.

Appellant's second point of error is overruled. The trial court's judgment is affirmed.[7]

## OPINION ON MOTION FOR REHEARING

Appellant, Dolores Valadez, (B.I.V.'s biological mother), brings three points of error in her motion for rehearing. The first two points complain that this Court erred in affirming the trial court's granting of summary judgment against appellant on her paternity action against respondent, the alleged biological father. The third point argues that we erred in failing to remand for sanctions. Appellant also requests leave to file a supplemental transcript which contains an order from another lawsuit finding that the child's presumed father is not his biological father. We overrule both points and deny the motion for rehearing.

The child who is the subject of this action was conceived and born during appellant's marriage to Mr. Adolfo Valadez. The uncontroverted summary judgment evidence, which reflected these facts, conclusively showed that under Tex.Fam.Code Ann. § 12.01(a)(1) a presumed father existed. Following the clear language of Tex.Fam. Code Ann. § 13.01(a), which provides that a suit to establish a parent/child relationship may only be established between "a child who has no presumed father and the child's biological father," we affirmed summary judgment. We held that the appellant could not bring a paternity action under chapter 13 so long as a presumed father exists.

On July 1, 1992, the Texas Supreme Court reversed the Austin Court of Appeals in *State v. Lavan*, 833 S.W.2d 952 (1992). The Court held that the Attorney General could bring a paternity action under Chapter 13 of the Family Code to establish paternity against a man other than a presumed father and, in the same action, bring suit seeking to disestablish the paternity of the presumed father under Chapter 12 of the Family Code. *Id.* at 954.

Appellant argues that *Lavan* compels us to grant the motion for rehearing and reverse this cause because a presumed father's existence does not constitute a complete bar to a paternity suit under Chapter 13 of the Family Code. Appellant also argues that the order in the supplemental transcript, which was signed well after the date of the hearing on the motion for summary judgment, removes any impediment which might exist to the State's filing of a paternity action in the instant case.

■ As an initial matter we address appellant's motion for leave to file a supplemental transcript. The rules of Civil Procedure provide:

(c) **Motion and Proceedings Thereon.** The motion for summary judgment shall state the specific grounds therefor. Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before

---

**7.** Appellant has not requested that we dismiss    this appeal.

the time specified for hearing. Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response. No oral testimony shall be received at the hearing. The judgment sought shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

TEX.R.CIV.P. 166a(c).

This rule requires that all summary judgment evidence be filed before judgment is rendered. Judgment has been rendered, thus, it is too late to supplement the record. *Gandara v. Novasad*, 752 S.W.2d 740, 743 (Tex.App.—Corpus Christi 1988, no writ).

Moreover, as the rule specifically states: Issues not expressly presented to the trial court by written motion, answer or other responses shall not be considered on appeal as grounds for reversal.

TEX.R.CIV.P. 166a(c).

Appellant's response to the motion for summary judgment merely argued that a question of fact exists regarding the child's paternity. Appellant's position on its motion for rehearing is that Adolofo Valadez is not the biological father. This issue was not expressly presented to the trial court by appellant's response to appellee's motion for summary judgment.

In a similar case, *Trapnell v. First Foods, Inc.*, 809 S.W.2d 606, 608 (Tex. App.—Corpus Christi 1991, writ denied), we denied a party's attempt to affirm the judgment on a ground not presented to the trial court in the motion for summary judgment. In that case a defendant sought affirmance of a summary judgment by way of a motion asking this Court to take judicial notice of a final judgment in a related federal case. The defendants argued that because of the final judgment in the federal case the plaintiffs were collaterally estopped from relitigating the same issues in state court, and that summary judgment should be affirmed on that ground. However, collateral estoppel was not raised in the motion for summary judgment in the trial court. We wrote: "Texas procedure requires this Court to uphold a summary judgment on appeal only upon one of the grounds relied upon by the trial court." *Id.* at 608. We denied leave to supplement the record with the judgment from the other court.

As in *Trapnell*, if we were to grant the motion to supplement the record, we would be reviewing an issue which was not expressly raised in appellant's response to appellee's motion for summary judgment. Rule 166a(c) prohibits this. *Trapnell*, 809 S.W.2d at 608.

The order which appellant asks us to consider should have been filed with the trial court, at the latest, before judgment was rendered. We cannot consider it at this point in appellate proceedings. At this late date it is untimely. We deny appellant's motion for leave to file a supplemental transcript.

Regarding the merits of appellant's motion for rehearing, we feel compelled to harmonize this decision with *Lavan.*

In *Lavan*, the Attorney General brought a paternity action against Mr. Lavan under

Chapter 13. Lavan filed a motion for summary judgment alleging that a Chapter 13 action could not be brought because a presumed father existed. The State filed an amended pleading joining the presumed father as a party and seeking to disestablish his paternity with the child under Chapter 12. Notwithstanding the State's amended pleading the trial court granted the motion for summary judgment. The court of appeals affirmed. *Lavan*, 802 S.W.2d at 80. The posture of *Lavan* was described by the Supreme Court as follows:

> In affirming the judgment of the trial court, the court of appeals based its opinion on its interpretation of the language contained in § 12.06(a) of the Code, read in conjunction with § 13.01(a). 802 S.W.2d at 77–78. The court viewed the State's case as one brought solely under Chapter 13 of the Code, that is, a suit to establish paternity when there is no presumed father; thus, it held that the statute's expressed prohibition against such suits under that chapter when the child has a presumed father barred the State's suit. *Id.* at 76. Additionally, relying on the language in Chapter 12, section 12.-06(a), that only expressly entitles a husband or wife to deny the husband's paternity of a child born during their marriage in any suit affecting the parent-child relationship other than a suit under Chapter 13 of the Code, the court of appeals rejected the State's arguments and affirmed the summary judgment in favor of Lavan. *Id.* at 78. (footnotes omitted).

*Lavan,* at 954. The Supreme Court disagreed with the Court of Appeals' holding that a § 12.06(a) action to disestablish paternity on a presumed child could only be brought by the husband or wife and held that there was nothing in the Family Code "that expressly prohibits the State from bringing a claim under Chapter 12 to disestablish the paternity of a presumed father in the same suit in which it brings a claim under Chapter 13 to establish paternity in an alleged biological father."

■ The Supreme Court of Texas in *Lavan* recognized that the Family Code provides: "a suit to establish paternity under Chapter 13 of the Code may only be brought when the child for whom paternity is sought to be established has no presumed father." *See* Tex.Fam.Code Ann. § 13.01(a). However, *Lavan* carves a significant exception from this rule: Under *Lavan,* proceedings to disestablish paternity in one father and establish paternity in another may be brought in one action. Consequently, the *Lavan* Court held that the statutory impediment to an action establishing paternity in one alleged biological father while paternity is presumed in another is eliminated when the litigation is in this posture.

Here, only a Chapter 13 paternity action has been filed. The pleadings do not allege a Chapter 12 action seeking to disestablish the paternity in the presumed father. In fact there are no documents in the record before us which show that the presumed father has denied paternity or is a party to an action seeking to disestablish his presumed paternity. Hence, *Lavan* is inapplicable.

The unambiguous language in Chapter 13 specifically limits the filing of a paternity action to those situations in which the child involved has "no presumed father." In cases involving a presumed father, without either a prior or current proceeding to disestablish paternity in the presumed father, no paternity action under Section 13.-01(a) can be brought.

We believe that the legislative purpose for the enactment of Section 13.01(a) is that every possibility that a presumed father is not the biological father should be exhausted before suits are filed which ultimately bastardize a child. We agree with the Supreme Court that it makes little sense not to allow a party to simultaneously bring a Chapter 12 action to disestablish paternity in a presumed father. This will save judicial resources by not requiring two separate actions to be filed under both Chapter 12 and 13 and it will minimize the time in which the child has no parent-child relationship with a father. However, *Lavan* does not change the rule in § 13.01(a) that a child with a presumed father may not have paternity established in another father.

In light of our disposition of the first and second points in appellant's motion for rehearing, it is not necessary that we discuss point three. TEX.R.APP.P. 90(a).

Appellant's motion for rehearing is denied.