**In the Interest of B.I.V., a Minor.**

**No. D–3252.**

Supreme Court of Texas.

Feb. 2, 1994.

Kevin T. O'Hanlon, Austin, for petitioner.

John E. Lewis, Rose Guerra Reyna, John Robert King, McAllen, for respondent.

PER CURIAM.

Dolores Valadez brought this suit against Raul Longoria to establish his paternity of her child, B.I.V. Longoria moved for summary judgment on the ground that the child had a presumed father, thus barring a paternity action as a matter of law. At the time Valadez brought her suit, Section 13.01(a) of the Family Code specifically limited the filing of a paternity suit to those situations in which the child involved had no "presumed father." Section 12.01(a)(1) of the Family Code provided, then as now, that a man married to the mother of a child at the time of the child's birth is presumed to be the father of that child. Based on undisputed evidence that B.I.V. was born while Valadez was validly married to a man other than Longoria, the trial court granted the summary judgment. Valadez appealed, arguing that the Legislature did not intend to require termination of a presumed father's parental rights before a Chapter 13 suit could be filed against someone other than the presumed father. The court of appeals, rejecting this

argument, held as a matter of law that a paternity action could not be filed if the child had a presumed father, and thus affirmed the trial court's decision to grant appellee's summary judgment. 843 S.W.2d 58, 64. The court relied on the decision of the court of appeals in *State v. Lavan*, 802 S.W.2d 73, 74–77 (Tex.App.—Austin 1990), *rev'd*, 833 S.W.2d 952 (Tex.1992).

While the motion for rehearing was pending, this Court reversed the lower court's decision in *Lavan*. We held that proceedings to disestablish paternity in one man and establish paternity in another may be brought in one action. *Attorney General of Texas v. Lavan*, 833 S.W.2d 952 (Tex.1992). On motion for rehearing, the court of appeals in this case concluded that *Lavan* was distinguishable because there the State joined the presumed father and sought to disestablish his presumed paternity of the child in one pleading, whereas here, Valadez had neither joined the presumed father nor challenged the presumption of paternity under Chapter 12. Based on this distinction, the court of appeals denied appellant's motion for rehearing, notwithstanding our writing in *Lavan*. 843 S.W.2d at 66–67.

■■■ We disagree with the holding of the court of appeals. Our opinion in *Lavan* made clear that a Chapter 12 claim denying a presumed father's paternity of a child could be raised in the same suit raising a Chapter 13 claim that another man is the biological father of that child. Given that holding, Longoria's summary judgment motion in this case was in substance merely a motion to abate, *see Carter v. Brady*, 423 S.W.2d 946, 951 (Tex.Civ.App.—San Antonio 1967, writ ref'd n.r.e.), the granting of which would merely give Valadez a reasonable opportunity to amend her suit to remove the obstacle to its prosecution. *See Texas Highway Dept. v. Jarrell*, 418 S.W.2d 486, 488 (Tex.1967). *See also, M & M Const. Co. v. Great Am. Ins. Co.*, 747 S.W.2d 552, 554 (Tex.App.—Corpus Christi 1988, no writ).[1] A summary judgment should not be based on a pleading deficiency that could be cured by amendment. *See Dowler v. Delta Inv. Housing,*

---

1. We note that under recent amendments to section 12.06(a) of the Family Code, effective September 1, 1993, Valadez is directed to include an express statement denying the presumed father's paternity of the child in her Chapter 13 suit pleading. We also note that Rule 39 of the Texas

*Inc.*, 834 S.W.2d 127, 129 (Tex.App.—Eastland 1992, no writ). *Cf. Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex.1983) (holding that whether pleadings fail to state a cause of action may not be resolved by summary judgment), *citing, Texas Department of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.1974) (holding that protective features of special exception procedure should not be circumvented by a motion for summary judgment on the pleadings where plaintiff's pleadings fail to state a cause of action).

We therefore grant the writ of error and, without hearing oral argument, a majority of the Court reverses the judgment of the court of appeals and remands the cause to the district court for further proceedings consistent with this opinion.[2]

Rules of Civil Procedure governs the question of whether joinder of the presumed father in a Chapter 13 suit which includes an allegation denying the presumption of paternity as well as allegations attempting to establish paternity of a putative father is required. Rule 39 states that

[a] person ... shall be joined as a party in the action if ... (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest. . . .

2. We are aware of the fact that, while this action was pending, the Attorney General of Texas filed a separate Petition to Establish the Parent–Child Relationship in the 92nd Judicial District Court, Hildago County, and that Judge McDonald is-

sued a final order in that case on November 8, 1993 which determined Raul Longoria to be the biological father of the child, B.I.V., and disposed of various related issues regarding possession of the child, retroactive and future current child support, visitation, etc. We are informed by Ms. Valadez's counsel that both she and the child filed motions for new trial in the State's case. Opportunities for appeal may later be pursued. Since the judgment in the State's case is still open to attack, and since Ms. Valadez has yet to take advantage of the opportunity to amend in this suit, the time is not yet ripe to discuss or decide any issues of mootness, res judicata or collateral *estoppel that may be raised* in this suit as a result of the final order in the State's suit.