# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-12-00090-CV

### In the Interest of R. N. P. and E. A. P.

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 250472-D, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Adam Scott Perkins appeals the trial court's Order Establishing the Parent-Child Relationship and in Suit Affecting the Parent-Child Relationship (Order). The facts of this case are well known to the parties, and we do not recite them here. Further, because all dispositive issues are well settled in the law, we issue this memorandum opinion pursuant to rule 47.4 of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 47.4. Having reviewed the record and concluded that Perkins has failed to demonstrate any reversible error, we affirm the trial court's Order.

Perkins initially challenges the trial court's subject-matter jurisdiction, arguing that the Office of the Attorney General (OAG) did not have standing to file suit to establish his paternity of E.A.P. and his child-support obligations to E.A.P. and sibling R.P. Perkins argues that because he is the presumed father of E.A.P. and did not contest his paternity of the child, the suit was unnecessary and, therefore, the OAG did not have standing to file the suit.

The Family Code confers on the Attorney General standing to bring a suit affecting the parent-child relationship (SAPCR), including a suit to determine parentage of a child. *Attorney*

*Gen. v. Lavan*, 833 S.W.2d 952, 955 (Tex. 1992); *see* Tex. Fam. Code §§ 101.032 (SAPCR includes suit requesting support for child and establishment of parent-child relationship), 102.003 (SAPCR may be filed by governmental or other authorized agency), 160.602 (proceeding to adjudicate parentage may be maintained by support-enforcement agency). Additionally, the Family Code specifically allows proceedings to adjudicate the parentage of a child having a presumed father.[1] *See* Tex. Fam. Code § 160.607(a).

As to Perkins's argument that a district court has no jurisdiction over a petition for child support when the child's parents are still married and not "legally separated," he cites no authority in support of this proposition. It is well settled that a parent's duty to support his or her minor child exists regardless of whether that parent has been ordered to pay child support or has custody of the child. *R.W. v. Texas Dep't of Protective & Regulatory Servs.*, 944 S.W.2d 437, 440 & n.4 (Tex. App.—Houston [14th Dist.] 1997, no writ); *see* Tex. Fam. Code §§ 154.001 (court may order either or both parents to support child in manner specified by order), 154.010 (amount of support ordered shall be determined without regard to marital status of child's parents). Additionally, it is undisputed that Perkins—being incarcerated since four years before the OAG filed its petition—does not have physical possession of the children. In light of Perkins's statutory duty to support his children, the court's authority to order child support, and the OAG's explicit statutory

---

[1] We do not address the issue of the four-year limitations period for proceedings to determine parentage of a child with a presumed father, which Perkins raises for the first time in his reply brief. *See* Tex. R. App. P. 38.1, 38.3; *Cebcor Serv. Corp. v. Landscape Design & Constr., Inc.*, 270 S.W.3d 328, 334 (Tex. App.—Dallas 2008, no pet.) (party may not present arguments for first time in reply brief). Further, the record does not reflect any complaint by Perkins to the trial court about the limitations issue. *See* Tex. R. App. P. 33.1 (preservation of complaint for appellate review).

standing to bring suits seeking an order of child support and establishing paternity, we overrule

Perkins's arguments on the standing issue and hold that the trial court had subject-matter jurisdiction

over these proceedings.

Perkins's second issue asserts that the trial court abused its discretion when it

determined his child-support obligation based on the presumption that Perkins has income equal to

the federal minimum wage for a 40-hour week, which the court must presume in the absence of

evidence of a party's resources. *See* Tex. Fam. Code § 154.068. Perkins argues that the trial court

erred in making that presumption because he attached evidence of his nominal net resources to his

verified amended answer. However, pleadings generally are not competent evidence, even if sworn

or verified. *In re B.R.G.*, 48 S.W.3d 812, 818 (Tex. App.—El Paso 2001, no pet.).

In addition, Perkins's verified pleading and attached certified copy of his prison trust

account balance were not entered into evidence at the SAPCR hearing, and documents that are not

entered into evidence at trial may not be considered by the appellate court in determining whether

the trial court abused its discretion. *Ceramic Tile Int'l, Inc. v. Balusek*, 137 S.W.3d 722, 724-25

(Tex. App.—San Antonio 2004, no pet.). Perkins did not seek to enter any other evidence of his

income or net resources. In the absence of properly submitted proof to the contrary, the trial court

was authorized to presume that Perkins earned the minimum wage. *B.R.G.*, 48 S.W.3d at 818-19;

*see also In re M.M.*, 980 S.W.2d 699, 700-01 (Tex. App.—San Antonio 1998, no pet.) (incarceration

alone cannot rebut minimum-wage presumption). Additionally, because there is no reporter's

record, findings of fact, or conclusions of law in the record, we must presume that all of the facts

necessary to support the trial court's judgment have been found. *Willms v. Americas Tire Co., Inc.*,

3

190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied). Accordingly, we overrule Perkins's second issue.

Perkins also complains that the trial court abused its discretion in denying his motion to appear by telephone at the SAPCR hearing. While the trial court's order denied Perkins's request to appear by telephone, it did specifically permit him to appear by affidavit, which generally is a proper exercise of the court's discretion. *See In re R.C.R.*, 230 S.W.3d 423, 426 (Tex. App.—Fort Worth 2007, no pet.) (if court determines that pro se inmate in civil action is not entitled to leave prison to appear personally in court, inmate should be allowed to proceed by affidavit, telephone, deposition, or other means); *see also In re D.D.J.*, 136 S.W.3d 305, 314 (Tex. App.—Fort Worth 2004, no pet.) (right of prisoner to have access to courts entails not so much his personal appearance as opportunity to present evidence or contradict evidence of opposing party). Although the salient inquiry in these circumstances is whether the inmate has been "effectively barred" from presenting his case, *see Armstrong v. Randle*, 881 S.W.2d 53, 57 (Tex. App.—Texarkana 1994, writ denied), here the appellate record contains no reporter's record of the SAPCR hearing, and we consequently cannot conclude that the trial court abused its discretion in permitting Perkins to appear by affidavit rather than by telephone.[2] *See Christian v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (court of appeals cannot determine trial court's ruling was harmful error if it is unable to review entire relevant record). Because the trial court permitted Perkins to appear at the SAPCR hearing by affidavit and

---

[2] For instance, without a reporter's record we cannot determine whether any live testimony was presented at the SAPCR hearing and whether, in that event, Perkins had the opportunity to cross-examine witnesses. Accordingly, we do not address the propriety of allowing inmate participation solely by affidavit in the circumstance where live testimony is presented.

we cannot, on this record, conclude that the trial court abused its discretion in so doing, we overrule Perkins's issue regarding the denial of his motion to appear by telephone.

Perkins next complains that the trial court abused its discretion in failing to require the clerk to notify him of certain orders and by "assigning the duty" to notify him to the OAG. Specifically, he alleges that he did not receive notice of the trial court's various orders (1) denying his request to appear at the SAPCR hearing by telephone, (2) denying his request for an attorney ad litem, (3) denying his summary-judgment motion, and (4) establishing his paternity and child-support obligation. The only authority Perkins has cited in support of his contention that the trial court had a duty to ensure Perkins received notice of the orders is Texas Rule of Civil Procedure 306a. *See* Tex. R. Civ. P. 306a(3) ("When the final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed.").

The first three orders about which Perkins complains are non-appealable interlocutory orders, and therefore Rule 306a does not apply. *See id.* (referring only to final judgment and appealable orders); Tex. Civ. Prac. & Rem. Code § 51.014 (listing interlocutory orders that are appealable). Accordingly, neither the district-court clerk nor the trial court erred in allegedly failing to provide notice to Perkins of these interlocutory orders, nor could either have erred in the alleged "assignment" to the OAG of this non-existent duty.

Nonetheless, Perkins argues that his failure to receive notice of the court's order on his motion to appear by telephone harmed him because he was "denied meaningful participation" in the hearing due to his corresponding inability to introduce evidence about his net resources,

5

resulting in the court's making the statutory minimum-wage presumption. However, the record indicates that Perkins had several months' notice of the January 11, 2012 hearing and, even though he filed his motion to appear over a month before that date, he neither requested a continuance nor made any attempts to determine whether the court had ruled on his motion.[3] It was Perkins's burden to apprise himself of the court's ruling to determine how he would be permitted to appear at the January 11 hearing. *See In re Marriage of Jones*, 154 S.W.3d 225, 229 (Tex. App.—Texarkana 2005, no pet.) (party to suit is charged by law with notice of all orders and judgments rendered therein and is expected to keep informed of proceedings). Perkins had a pending motion directly bearing on the manner of his permissible appearance at the upcoming SAPCR hearing and was duly and timely notified of the date of the hearing. He must therefore be charged with the burden to seek and be informed of the trial court's ruling on his pending motion before the date of the hearing and cannot complain of the clerk's alleged failure to send him notice of the court's ruling.

The fourth order about which Perkins complains (the basis of this appeal) was a final, appealable order, signed on January 11, 2012. While Perkins alleges that he never received a copy of this Order, the record reflects that he acquired actual notice of it within 9 days of its being entered when he received a letter from the OAG notifying him that his child-support payment was due. Perkins does not dispute that he received the letter, and his receipt is evidenced by his filing of a notice of appeal on January 20, 2012. To the extent the clerk's failure, if any, to send notice of

---

[3] The record contains evidence that the OAG sent Perkins a copy of the order on December 8, 2011, accompanied by a certificate of service. *See Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987) (certificate of service signed by party or attorney constitutes prima facie evidence of service and raises presumption that documents were received).

this Order to Perkins can be assigned to error of the trial court, we hold that any such error was harmless because Perkins was able to timely perfect his appeal and could have, had he chosen to, filed a motion for new trial. *See* Tex. R. App. P. 44.1(a) (only errors that probably caused the rendition of improper judgment or prevented appellant from properly presenting appeal may be reversed). For these reasons, we overrule Perkins's issue complaining about lack of notice of various trial-court orders.

In his fifth issue, Perkins complains that the trial court abused its discretion when it did not appoint an attorney ad litem for him. However, Perkins has not identified any constitutional or statutory right to counsel under the circumstances. While an indigent civil litigant may request the trial court to appoint counsel, *see* Tex. Gov't Code § 24.016, such appointment is entirely within the discretion of the trial court, *see Gibson v. Tolbert*, 102 S.W.3d 710, 712-13 (Tex. 2003) (we review whether trial court abused discretion in denying motion to appoint counsel by considering whether underlying case involved "exceptional circumstances"). Perkins has not demonstrated any circumstances that characterize this case as exceptional, and based on the record we cannot conclude that the trial court abused its discretion in determining that this SAPCR did not present exceptional circumstances requiring the appointment of counsel. *See id.* We overrule Perkins's fifth issue.

Perkins's sixth issue asserts that the trial court abused its discretion in failing to file findings of fact and conclusions of law pursuant to his request. *See* Tex. R. Civ. P. 297. However, Rule 297 requires not only an initial request for findings of fact and conclusions of law but also a "Notice of Past Due Findings of Fact and Conclusions of Law" if the trial court fails to timely file the requested findings and conclusions. *See id.* Perkins failed to file this "past due" reminder

and therefore waived his right to complain of the error on appeal. *Pierson v. GFH Fin. Servs. Corp.*, 829 S.W.2d 311, 314 (Tex. App.—Austin 1992, no writ). We accordingly overrule his sixth issue.

In his last issue, Perkins argues that the trial court abused its discretion in "allowing" the OAG to "resist" his discovery requests. However, the record indicates that the OAG filed responses to Perkins's requests with the district court and sent copies to Perkins. Moreover, each response contained a certificate of service, which is prima facie evidence of service and raises a rebuttable presumption that the discovery responses were received. Tex. R. Civ. P. 21a(e); *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987). Nonetheless, Perkins alleges that he never received the discovery responses, which rebuts the presumption. *See Texaco, Inc. v. Phan*, 137 S.W.3d 763, 767 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (evidence of nonreceipt may rebut presumption). He supports his allegation with an unsworn declaration that he filed with the trial court outlining his attempts to obtain documentary proof of nonreceipt from prison mail officials. *See* Tex. Civ. Prac. & Rem. Code § 132.001(e) (inmate's unsworn declaration may be used in lieu of affidavit or sworn declaration otherwise required by statute or rule).

While Perkins's unsworn declaration may be evidence supporting his claim of nonreceipt of the discovery responses, he has not identified error by the trial court with respect to the OAG's alleged "resistance" to responding to his discovery requests. First, beyond his bare allegation that the trial court "allow[ed]" the OAG to "resist" his discovery requests, Perkins has identified no specific action—erroneous or otherwise—taken by the trial court with respect to the discovery requests or evidence supporting his allegation that the OAG indeed resisted his requests.

In fact, the only evidence is to the contrary—that the OAG timely responded by sending its responses to Perkins and filing them with the court.

Secondly, even assuming that the trial court erred with respect to this discovery issue, we conclude that any such error was harmless. *See* Tex. R. App. P. 44.1(a) (judgment may be reversed only if error either probably caused rendition of improper judgment or probably prevented appellant from properly presenting case to court of appeals); *see also G & H Towing Co. v. Magee*, 347 S.W.3d 293, 298 (Tex. 2011) (harmless-error rule applies to all errors). Perkins has not identified how his alleged nonreceipt of the OAG's discovery responses probably caused an improper judgment or prevented him from properly presenting his case to this Court, nor can we glean any such probability from the record. Accordingly, we overrule his seventh and last issue.

For the foregoing reasons, we affirm the judgment of the trial court.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   June 25, 2014

9