**POSTIVE FEED, INC., Appellant,**

v.

**Marcus GUTHMANN, Appellee.**

**No. 01–98–00485–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 14, 1999.

Charley L. Smith, Bellville, for appellant.

John C. Maher, Jr., Wharton, for appellee.

Panel consists of Justices COHEN, HEDGES, and TAFT.

## M A J O R I T Y O P I N I O N

TIM TAFT, Justice.

Postive Feed, Inc. (Postive),[1] appeals a no-evidence summary judgment granted on the motion of appellee, Marcus Guthmann. The underlying suit is an attempt by Postive to recover costs, from a prior unemployment action, from which the Labor Code exempts employees. We address whether the trial erred: (1) by granting the summary judgment without permitting Postive an opportunity to amend its pleadings; (2) by granting summary judgment on the merits; and (3) by granting summary judgment on issues not addressed in the motion and by shifting the burden of proof. We affirm in part and reverse and remand in part.

1. The order granting summary judgment is styled "Positive Feed" rather than "Postive Feed." We order that it be reformed to reflect "Postive Feed."

2. Section 207.007 of the Texas Labor Code reads in part:

## Facts and Procedural History

In a prior action in the court below, Postive sued to set aside unemployment benefits awarded Guthmann, a former Postive employee. Postive prevailed in that action and then sued Guthmann again in the same trial court. Postive's pleadings alleged two grounds for recovery. The first sought recovery in tort, in the form of damages for attorney's fees and costs, plus punitive damages, on the grounds that Guthmann had claimed the unemployment benefits in bad faith and had thus "abused the civil process." In its second ground for recovery, Postive acknowledged that the Labor Code[2] precluded any such recovery against Guthmann, but asked the trial court to declare the bar unconstitutional. Guthmann's answer asserted a general denial, estoppel as an affirmative defense, and claims for sanctions for groundless and frivolous pleadings.

Guthmann sought summary judgment on two grounds: that he was entitled to prevail under the new "no evidence" rule for summary judgments, TEX.R. CIV. P. 166a(i); and that Postive had had not brought forward any evidence of damages, nor stated a claim on which the trial court could grant relief. The motion did not address Postive's challenge to the constitutionality of section 207.007. In responding to the motion, Postive reasserted many allegations from its petition, and noted that Guthmann had not filed special exceptions to those pleadings. Postive further contended the Labor Code did not apply, because Postive was not seeking relief under the Labor Code, but in tort. Finally, Postive argued it had "no other vehicle in which to seek justice." Like Guthmann,

(a) An individual claiming benefits under this subtitle may not be charged a fee in a proceeding under this subtitle by:
    (1) the commission or a representative of the commission; or
    (2) a court or an officer of a court.
TEX. LABOR CODE ANN. § 207.007 (Vernon 1996).

Postive did not refer at all to its challenge to the constitutionality of section 207.007.

The trial court signed an order granting Guthmann's motion "in all things." In addition, the court's order recited "that the allegations by [Postive] are hereby dismissed for no admissible evidence with prejudice as to refiling same." Although neither party addressed Postive's constitutional challenge to section 207.007 of the Labor Code, the reporter's record of the summary judgment hearing nevertheless reflects the parties' contemplation that Postive might address that issue in this Court.

### Summary Judgment Granted More Relief Than Requested

In a portion of its third point of error, Postive argues that the trial erred by granting summary judgment on issues not raised by Guthmann's motion for summary judgment.[3] We agree.

The trial court's order granting summary judgment does not contain a true "Mother Hubbard" clause that disposes of all claims. See Mafrige v. Ross, 866 S.W.2d 590, 592 (Tex.1993); North E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 897–98 (Tex.1966). The order clearly purports to be final, however, and Postive treated the judgment as final in timely perfecting this appeal, without objection by Guthmann. From the record before us, we conclude that the trial court and the parties contemplated finality. See Inglish v. Union State Bank, 945 S.W.2d 810, 811 (Tex.1997).

■ In disposing of all claims, however, the trial court's order granting summary judgment clearly grants more relief than Guthmann requested. In relying strictly on the prohibition in section 207.007 of the

Labor Code, Guthmann did not address Postive's challenge to the constitutionality of that statute. The trial court erred, therefore, in dismissing the entire case. See Bandera Elec. Coop., Inc. v. Gilchrist, 946 S.W.2d 336, 337 (Tex.1997); Mafrige, 866 S.W.2d at 592.

■ When, as here, a trial court grants more relief by summary judgment than requested, by disposing of issues never presented to it, the interests of judicial economy demand that we reverse and remand as to those issues, but address the merits of the properly presented claims. Bandera, 946 S.W.2d at 337 (expressly approving procedure followed by the court of appeals on remand in Mafrige); see Ross v. Arkwright Mut. Ins. Co., 892 S.W.2d 119, 123 (Tex.App.—Houston [14th Dist. 1994, no writ).

Accordingly, we address the claim that Guthmann relied on in seeking summary judgment. Because Guthmann's motion for summary judgment did not address Postive's challenge to the constitutionality of section 207.007, however, we may not address the portion of Postive's third point of error in which it argues that the statutory bar does not protect Guthmann from torts "such as 'abuse of process' or 'malicious prosecution.'" See Tex.R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response cannot be considered on appeal as grounds for reversal."); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 676 (Tex.1979) (same); see also Summers v. Fort Crockett Hotel, Ltd., 902 S.W.2d 20, 27 (Tex.App.—Houston [1st Dist.] 1995, writ denied) (rejecting point not presented to the trial court in opposition to motion for summary judgment). We will reverse and remand, therefore, for disposition of Postive's unresolved chal-

---

**3.** We address the remaining portions of Postive's third point of error in our analysis of its first and second points of error.

lenge to the constitutionality of section 207.007, under the *Mafrige* and *Bandera* mandates.[4] Thus, we sustain Postive's third point of error in part.

## Tort Theory of Recovery

■ In its first and second points of error, Postive maintains the trial court erred in granting summary judgment for failure to state a cause of action, without affording Postive an opportunity to re-plead. Postive's second point of error challenges the trial court's "no evidence" resolution. In the portion of its third point of error not addressed above, Postive maintains the trial court impermissibly shifted the burden of proof. We address these issues together.

■ A summary judgment "should not be based on a pleading deficiency that could be cured by amendment." *In re B.I.V.*, 870 S.W.2d 12, 13–14 (Tex.1994) (per curiam). Summary judgment is not the proper vehicle to test the adequacy of the other party's pleadings, which should be attacked by special exceptions. *See Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.1974). A party who moves for summary judgment solely on the basis of the other party's pleadings must accept all facts and inferences in the pleadings as true in the light most favorable to the opposing party, and any defects in the nonmovant's pleadings must appear to be incurable by amendment. *Trunkline LNG Co. v. Trane Thermal Co.*, 722 S.W.2d 722, 724 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). It is well settled, however, that a party may plead itself out of court by affirmatively negating its cause of action. *E.g., Saenz v. Family*

*Sec. Ins. Co. of Am.*, 786 S.W.2d 110, 111 (Tex.App.—San Antonio 1990, no writ).

Guthmann moved for summary judgment based on Postive's failure to bring forward any evidence of damages and its failure to state a claim on which the trial court could grant relief. As noted above, Postive's pleadings reflect that it premised its claim for damages on the costs and attorney's fees it was required to expend to set aside the award of unemployment benefits to Guthmann. Postive presented the affidavit of Robert Inglish, Postive's Chairman of the Board, proving damages in the form of attorney's fees and time employees had to take off work to prepare for and attend trial. Guthmann did not negate the existence of Postive's tort cause of action. His motion for summary judgment merely concluded Postive did not present a claim on which the trial court could grant relief.

To uphold the trial court's granting of Guthmann's motion for summary judgment under these conditions would require us to hold that Texas does not recognize Postive's tort action. *See, e.g., Hendricks v. Thornton*, 973 S.W.2d 348, 371 (Tex.App.—Beaumont 1998, pet. denied). While Guthmann asserts that there is no cause of action for an employer to recover costs from an employee's unemployment claim, he brings no authority or reasoning to support his position. Nevertheless, we think the legislative intent is clear, from the plain language of section 207.007 of the Labor Code,[5] that Postive should not be allowed to circumvent the statute under some new tort theory "akin to malicious prosecution."

Under these conditions, we hold that the trial court could have properly decided

---

4. *Mafrige* and *Bandera* do not, however, compel that we remand as to Guthmann's counterclaim for sanctions. While the trial court did not expressly deny this counterclaim, Guthmann requested and approved the judgment he obtained, and thus abandoned the counterclaim. Moreover, on appeal, he asks

us to affirm the judgment, which awards him no sanctions. Having waived his sanctions claim in the trial court, and waived it here by seeking affirmance, Guthmann extinguished the claim.

5. See note 2, *supra* at 880.

Postive's alleged tort action does not exist in Texas. Accordingly, we overrule Postive's first and second points of error and the portion of its third point of error not addressed in our first analysis.

## Conclusion

We affirm the portion of the trial court's judgment precluding Postive's attempt to circumvent the Labor Code's prohibition of costs being borne by employees and reverse the judgment and remand for further proceedings concerning Postive's claim for declaratory relief challenging the constitutionality of that statutory prohibition.

MURRY B. COHEN, Justice, concurring and dissenting.

I agree with my colleagues' decision overruling Postive's first and second points of error. I believe, however, that the third point should also be overruled and the judgment affirmed. Therefore, I respectfully dissent.

The majority opinion states that Guthmann's motion did not address Postive's challenge to the constitutionality of the statute. The majority concludes the trial court erred in dismissing the case without ruling expressly in that issue. I respectfully disagree.

Guthmann addressed Postive's challenge to the constitutionally of the statute. He did so by asking for and winning a judgment based on the statute. That is an assertion by Guthmann, and a ruling by the trial judge, that the statute is constitutional.

Under both statutory law and common law, all statutes, including this one, are presumed constitutional, and the burden to show otherwise is on the challenger, *i.e.,* Postive. Tex. Gov't Code Ann. § 311.021(1) (Vernon 1998); *Brady v. Fourteenth Court of Appeals,* 795 S.W.2d

712, 715 (Tex. 1990); *Texas Nat'l Guard Armory Board v. McCraw,* 126 S.W.2d 627, 634 (Tex. 1939). Thus, Guthmann had no burden to prove the statute was constitutional. Positive had the burden to prove it was unconstitutional. Positive had the burden to prove it was unconstitutional. *See Robinson v. Hill,* 507 S.W.2d 521, 524 (Tex. 1974) (In suit to declare statute unconstitutional, plaintiff asserting statute's unconstitutionality bears burden to prove that); *Blair v. Razis,* 926 S.W.2d 784, 788 (Tex. App.—Tyler 1996, no writ) (In declaratory judgment action, defendant asserting statute's unconstitutionally bears burden to prove that.).

Moreover, Postive's claim of unconstitutionality is in the nature of an affirmative defense, on which it would have the burden of proof under Tex. R. Civ. P. 94. Although Postive brought this lawsuit, Guthmann asserted section 207.007 as a complete defense, and *Postive's defense to that statutory bar* is unconstitutionality, which is ". . . any other matter constituting an *avoidance* or affirmative defense." *See* Tex. R. Civ. P. 94. Unconstitutionality is the doctrine offered by Postive to *avoid* the effect of labor Code section 207.007. Thus, Postive had the burden of proof on the issue of unconstitutionality under rule 94, as well under the statutory and common law.

The majority remands "for further proceedings concerning Postive's claim for declaratory relief challenging the constitutionality of [art. 207.007]." I think that is a mistake because Postive's request for a declaratory judgment that the statute is unconstitutional is *not a cause of action,* but, rather, is a mere procedural *remedy.*

It is well settled that the declaratory judgment act is merely a procedural vehicle for presenting grievances for decision. *Kadish v. Pennington Assoc.,* 948 S.W.2d 301, 303 (Tex. App.—Houston [1st Dist.] 1995, no writ). The declaratory judgment

act does not confer any substantive rights; it is remedial only. *Id.* Thus, it seems inescapable to me that, by granting a judgment based on section 207.007, the judge *denied* the remedy of declaring the very same statute unconstitutional. Thus, no "claim for declaratory relief" remains pending.

ADELE HEDGES, Justice, concurring and dissenting.

I respectfully dissent from the majority's disposition of Postive's tort claim. It is clear that Guthmann did not specifically address Postive's tort theory "akin to malicious prosecution" in his motion for summary judgment. Therefore, it was error for the trial court to rule on the claim on summary judgment. *McConnell v. Southside*, 858 S.W.2d 337, 341 (Tex.1993). What Guthmann should have done was to have filed special exceptions urging that Postive did not state a claim on which relief could be granted. Summary judgment is not a substitute for special exceptions. *See In the Interest of B.I.V.*, 870 S.W.2d 12, 13–14 (Tex.1994).

While it may be true that, as the majority opines, "we think the legislative intent is clear, from the plain language of section 207.007 of the Labor Code, that Postive should not be allowed to circumvent the statute under some new tort theory 'akin to malicious prosecution,'" neither the trial court nor we have the question before us in a proper procedural posture. Therefore, I would sustain Postive's first and second points of error and reverse and remand the entire case.