

# NUMBER 13-13-00114-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CAMERON COUNTY,                                                        **Appellant,**

**v.**

SUSAN ANN VANO,                                                          **Appellee.**

## On appeal from the 444th District Court
## of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion by Justice Rodriguez**

Appellant Cameron County challenges the trial court's denial of its motion for summary judgment. In that motion, the County challenged the trial court's subject-matter jurisdiction over appellee Susan Ann Vano's premises defect claim, in which she alleged

that, as a result of the County's negligence, she was injured when a door near which she was standing while at the courthouse slammed open and struck her in the shoulder. By three issues, which we will address as one, the County argues that, as a matter of law, its governmental immunity for Vano's claims has not been waived. We reverse and remand.

## I. Background

Vano filed suit against the County alleging the following facts:

> On Monday, October 5, 2009, [Vano] entered the premises of the Cameron County Courthouse to serve jury duty. During a five minute recess, [] Vano decided to make a phone call. She walked towards the lady's [sic] room in the first floor towards [sic] the end of the hall by the big window. While in [sic] route back toward the central jury room a gentleman slammed the door open as he exited the stairway. The door slammed into [] Vano['s] right shoulder pushing forward as she stumbled to regain her balance. Upon impact with the door, [] Vano began to experience a sudden onset of sharp and burning pain in her right shoulder radiating to her upper back and spine. Following the incident, [] Vano reported to the jury deputy, where an incident report was filed by [the] Deputy [on duty].

Considering the foregoing, Vano claimed that

> [a] condition on [the County]'s premises posed an unreasonable risk of harm. As a direct and proximate result of the dangerous condition caused to exist due to the stairway door not being secured, and [being] poorly designed . . . [,] [] Vano sustained trauma to her right shoulder. Due to the sudden and violent nature of the impact, [] Vano has gone under extensive treatment. . . . [The County] breached the duty of ordinary care by neither adequately warning [Vano] of the condition nor making the condition reasonably safe.

The County filed its answer to Vano's petition and, then, no-evidence and traditional motions for summary judgment. *See* TEX. R. CIV. P. 166a(c), (i). In its no-evidence motion, the County argued that Vano "cannot produce evidence of a dangerous condition on the premises, of [the County]'s knowledge of same, of [Vano]'s lack of

knowledge of same, or of a failure by [the County] to make the alleged dangerous condition reasonably safe." In its traditional motion for summary judgment, the County argued that, as a matter of law, Vano's design defect claim should be dismissed because the design of the door was a discretionary function for which the County's immunity is not waived. The County also attached as evidence to its traditional motion excerpts from Vano's deposition; relevant interrogatory answers by Vano; relevant sections of the 2006 International Fire Code; and photographs of the door, which showed a sign on the door stating "Make a healthy choice: Take the stairs!" The County argued this evidence conclusively established that: (1) Vano had knowledge of the alleged dangerous condition; (2) the County was required to leave the door unsecured because of fire code regulations; and (3) the actions of the person exiting the door were the cause-in-fact of Vano's injury and, as such, the door merely furnished the condition that made that injury possible.

In response to the County's motions, Vano produced her affidavit and further excerpts of her deposition. Vano argued that this evidence created a fact issue as to the County's and her knowledge of the alleged dangerous condition. She also argued that the signage near the door was inadequate to warn "that people would be occasionally barreling down the stairs." Vano argued that "the absence of presence of a window [in the door] is indeed an important factor, because the door could be mistaken by [] Vano as a closet or storage or other door that would not open."

After a hearing, the trial court denied the County's motions for summary judgment. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8)

3

(West, Westlaw through 2013 3d C.S.); *see also Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006) (holding that, "irrespective of the vehicle used," a governmental unit may file an interlocutory appeal of the denial of its challenge to subject-matter jurisdiction).

## II.  Discussion

By one issue, the County argues that the trial court erred in denying its motion for summary judgment on both traditional and no-evidence grounds.  First, the County argues that Vano cannot prove causation because the evidence is undisputed that the door did no more than furnish the condition that made the injury possible.  Second, the County argues that the evidence conclusively established that Vano knew of the alleged dangerous condition.  Finally, the County argues that, as a matter of law, the design of the emergency door is a discretionary function for which the County may not be sued.

At the outset, we note that, in its appellate brief, the County does not substantively challenge the trial court's ruling on the County's no-evidence motion.  Although the County raises its no-evidence motion in its brief and recites the standard of review and applicable law for no-evidence motions, it makes no substantive argument applying that law to the proceedings in the trial court.  To the extent the County is raising a challenge on no-evidence grounds, we conclude that it is inadequately briefed.  *See* Tex. R. App. P. 38.1(i).  Instead, we construe the County's arguments on appeal as challenges to the trial court's ruling on only its traditional motion for summary judgment, which we will now review.

### A.  Standard of Review and Applicable Law

The absence of subject-matter jurisdiction may be raised in a motion for summary

4

judgment. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). We review the trial court's ruling on a motion for summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

In the case of a traditional summary judgment, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). "[W]hile a summary judgment may not normally be granted on the basis of the plaintiff's pleadings alone, . . . pleadings may be considered in determining whether a legally enforceable claim has been asserted." *Castillo v. Tropical Tex. Ctr. for Mental Health & Mental Retardation*, 962 S.W.2d 622, 624 (Tex. App.—Corpus Christi 1997, no pet.) (citations omitted).

A governmental unit is immune from suit and liability unless the State consents. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). Governmental immunity from suit defeats a court's subject-matter jurisdiction. *Id.* We review de novo the legal question of whether a trial court has subject-matter jurisdiction. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). "In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Whitley*, 104 S.W.3d at 542. "When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend." *County of Cameron v. Brown*, 80 S.W.3d 549, 555

5

(Tex. 2002); *see also Postive Feed, Inc. v. Guthmann*, 4 S.W.3d 879, 882 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ("A summary judgment 'should not be based on a pleading deficiency that could be cured by amendment.'") (citing *In re B.I.V.*, 870 S.W.2d 12, 13–14 (Tex. 1994)).

The Texas Tort Claims Act (TTCA) waives governmental immunity for damages and injuries caused by: (1) the negligent operation or use of a motor-driven vehicle or equipment by a state employee; (2) the negligent use of tangible personal property by a state employee, TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1) (West, Westlaw through 2013 3d C.S.); and (3) premises defects. *Id.* § 101.021(2). Vano's cause of action in this case is one for premises liability. The TTCA provides that "if a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property." *Id.* § 101.022(a) (West, Westlaw through 2013 3d C.S.).

## B. Design Defect

We first address the County's third argument, because it is dispositive of the appeal. Therein, the County argues that because the basis of Vano's pleadings is that the door was "poorly designed," her claim involves one of the County's discretionary functions, for which immunity is expressly not waived under the law. *See id.* § 101.056(2) (West, Westlaw through 2013 3d C.S.). We agree.

Under section 101.056, immunity is not waived by "a governmental unit's decision not to perform an act or on its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act

6

to the discretion of the governmental unit." *Id.* The discretionary acts contemplated by the statute include decisions made by governmental entities about the design of their facilities. *See Sanchez v. Matagorda Cnty.*, 124 S.W.3d 350, 352–53 (Tex. App.—Corpus Christi 2003, no pet.) (citing *State v. Rodriguez*, 985 S.W.2d 83, 85 (Tex. 1999)) (holding that County's design of bridge was discretionary act and that its immunity to the plaintiff's suit was therefore not waived); *see also Sullivan v. City of Fort Worth*, No. 02-10-00223-CV, 2011 WL 1902018, at *4–5 (Tex. App.—Fort Worth May 19, 2011, pet. denied) (mem. op.) (holding that the City was immune from liability under TTCA for its decision not to install handrails along footpath in city garden made available to visitors in the evening).

Here, it is clear from Vano's pleadings that her complaint against the County revolved around what she alleged was a design defect in the door.[1] In her petition, she alleges that the door was poorly designed. In her response to the County's motion for summary judgment, she focused on the door's lack of a window. It is also apparent from the deposition excerpts produced in the summary judgment proceedings that Vano's primary concern was that there was no window on the door. Finally, Vano's argument at the summary judgment hearing was, likewise, based on the fact that the door did not have a window.

---

[1] On appeal, Vano asserts that the premises defect she complains of involved "the improper use of the facilities," not "purely design issues." But this assertion does not comport with Vano's existing pleadings and her arguments to the trial court, and the argument may not be raised for the first time on appeal. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979) (explaining that the non-movant must expressly present to the trial court any ground that would defeat the movant's right to summary judgment by filing a written answer or response to the motion and may not later assign any new ground as error on appeal).

In light of the foregoing, we conclude that the trial court erred in denying the County's motion for summary judgment. The pleadings and evidence clearly show that Vano's claim involved one of the County's discretionary functions, *see Sanchez*, 124 S.W.3d at 352–53, and the County therefore established as a matter of law that its immunity was not waived. *See* TEX. R. CIV. P. 166a(c); *Castillo*, 962 S.W.2d at 624. As pled, the trial court lacks subject-matter jurisdiction over Vano's claim. *See Whitley*, 104 S.W.3d at 542. The County's issue is sustained. Because our resolution of this argument is dispositive of the appeal, we need not address the remainder of the County's arguments.[2] *See* TEX. R. APP. P. 47.1.

## C. Disposition

Although we have concluded that the trial court erred in denying the County's summary judgment motion based on the pleadings as they exist now, we cannot conclude that Vano's pleadings affirmatively demonstrate incurable defects in jurisdiction. *See County of Cameron*, 80 S.W.3d at 555; *see also Postive Feed, Inc.*, 4 S.W.3d at 882. As such, we conclude that the proper disposition is to remand the case to the trial court to give Vano an opportunity to amend her pleadings.[3]

---

[2] Moreover, the County's remaining arguments address general premises liability issues—namely, Vano's knowledge of the alleged dangerous condition and the manner in which the public utilizes the door—not relevant to the specific design-defect claim pled by Vano. In other words, because the remaining arguments address claims not actually pled by Vano, we decline to address the arguments for this reason, as well.

[3] We acknowledge that, typically, once summary judgment is rendered, the non-movant may not simply move to amend its pleadings. *See Boarder to Boarder Trucking, Inc. v. Mondi, Inc.*, 831 S.W.2d 495, 499 (Tex. App.—Corpus Christi 1992, no writ). However, it is clear that the County's motion for summary judgment in this case was merely its vehicle for asserting a plea to the jurisdiction based on governmental immunity, and as such, it is the pleading and amendment rules relevant to pleas to the jurisdiction that apply to the circumstances of this case. *See County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West, Westlaw through 2013 3d C.S.); *Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006). Moreover, when a summary judgment

## III.  Conclusion

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
15th day of May, 2014.

---

is based on the non-movant's failure to state a cognizable claim, which was essentially the case here, the case should not be dismissed without giving the plaintiff the opportunity to amend.   *See Perry v. S.N.*, 973 S.W.2d 301, 303 (Tex. 1998); *see also Postive Feed, Inc. v. Guthmann*, 4 S.W.3d 879, 882 (Tex. App.— Houston [1st Dist.] 1999, no pet.).