**Opinion filed February 26, 2021**



# In The

# Eleventh Court of Appeals

_____

## No. 11-19-00074-CR

_____

## STEPHEN MICHAEL TAYLOR, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Coleman County, Texas**

**Trial Court Cause No. 2901**

## M E M O R A N D U M   O P I N I O N

The grand jury charged Stephen Michael Taylor in a four-count indictment with continuous sexual abuse of a child, aggravated sexual assault of a child, and two counts of indecency with a child. The jury found Appellant guilty of continuous sexual abuse of a child. *See* TEX. PENAL CODE ANN. § 21.02 (West 2019). The trial court assessed his punishment at incarceration for thirty years and sentenced him accordingly. We affirm.

*Issues*

Appellant presents two issues on appeal. In his first issue, Appellant claims that the trial court erred when it did not allow trial counsel to examine a witness on voir dire. In his second issue on appeal, Appellant claims that the trial court erred when it admitted hearsay testimony despite trial counsel's objection.

*Background Facts*

The victim in this case, for whom the pseudonym "Violet" was used in the indictment, testified for the State. She was seventeen years old at the time of trial. Appellant was Violet's stepfather and married Violet's mother when Violet was seven years old. Violet testified that Appellant began to sexually abuse her when she was seven and that the abuse continued until she turned twelve.

The abuse began one night when Violet went into the room Appellant shared with her mother. Violet testified that, when she got into the room, he tried to penetrate her with his "male sexual organ, and it wouldn't fit." She told Appellant that she needed to go to the bathroom, but he told her, "It's okay, you can go to the bathroom here. It's natural." She kept insisting, however, and he let her go to the bathroom. Violet testified in detail to attempted penile penetration, digital insertion, oral sex, shaving of her "private area," shower contact, and Appellant's self-exposure, which occurred over a five-year period.

The abuse stopped when Violet's grandmother moved into the house because her grandmother would stay up during the night to watch television. Violet testified that she was always scared but that she did not tell anyone initially because Appellant told her not to. She did eventually tell her mother, but her mother did not take her to the police.

When Violet was fourteen, she went on a church retreat. During a breakout session where the volunteers encouraged the youth participants to open up about any problems they had, Violet told a volunteer, Brittany Robinson, that "inappropriate

2

things" were going on in her home; she made sexual assault allegations against Appellant. Robinson reported the outcry to the school counselor and the school police officer at the school where Robinson was employed.

*Standard of Review*

We review both the trial court's decision to admit or exclude expert testimony and admit or exclude hearsay evidence for an abuse of discretion. *Coble v. State*, 330 S.W.3d 253, 272 (Tex. Crim. App. 2010); *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). Thus, we will only overturn the decision of the trial court if we find that the trial court acted in an arbitrary or unreasonable manner, without regard for guiding rules or principles. *State v. Hart*, 342 S.W.3d 659, 664 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

*Analysis*

1. **Appellant has not preserved his complaint concerning improper expert testimony for appellate review.**

In his first issue, Appellant argues that the trial court erred when it allowed Jason Shea, the Texas Ranger who originally interviewed Appellant, to express allegedly expert opinion despite trial counsel's request to question the witness on voir dire. Specifically, Appellant claims that the trial court should not have overruled his request to voir dire the witness. Appellant asserts that, per Rule 705(b) of the Texas Rules of Evidence, before Ranger Shea's expert opinion was admitted, Appellant should have been permitted to voir dire the witness outside the presence of the jury as to underlying facts or data. During the direct examination of Ranger Shea, in the context of his interview with Appellant, the following exchange occurred:

> [PROSECUTOR] Q: Okay. Was there anything else that caught your attention in the interview?
>
> A: Yes.

Q: What was that?

A: A statement that he made was --

[DEFENSE COUNSEL]: Your Honor, we object to hearsay. Can I ask Ranger Shea a couple questions on voir dire?

THE COURT: Not in relation to a hearsay objection because that would be overruled.

[DEFENSE COUNSEL]: Our objection is the answer is double hearsay.

THE COURT: Overruled.

Generally, to preserve an issue for appellate review, the record must show (1) that a complaint was made to the trial court that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context," and (2) that the trial court either ruled or refused to rule on the request. TEX. R. APP. P. 33.1(a). In effect, "[t]he point of error on appeal must comport with the objection made at trial." *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

While no specific words are required, the litigant must "let the trial court know what he wants and why he feels himself entitled to it clearly enough for the judge to understand him." *Vasquez v. State*, 483 S.W.3d 550, 554 (Tex. Crim. App. 2016). Moreover, "for a complaint to be obvious without having been explicitly stated and still satisfy the purposes above," usually there are statements or actions in the record "that clearly indicate what the judge and opposing counsel understood the argument to be." *Clark*, 365 S.W.3d at 339.

In addition, when it is apparent from the context "that a party failed effectively to communicate his desire, then reviewing courts should not hesitate to hold that appellate complaints arising from the event have been lost." *Rivas v. State*, 275

S.W.3d 880, 882 (Tex. Crim. App. 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 908–09 (Tex. Crim. App. 1992)).

Appellant argues in his brief that counsel, "by requesting that the witness be asked a couple of questions on *voir dire*, was clearly requesting that the trial court examine the witness to determine whether he was an appropriate expert witness." We disagree. In his objection, trial counsel objected to hearsay and asked the trial court if he could "ask Ranger Shea a couple questions on voir dire." He did not specifically state to the trial court that he wanted to determine Ranger Shea's expert qualifications. If that was trial counsel's intention, what is "apparent from the context" of the exchange in question is that the trial court did not understand counsel's intended purpose in making the request. Immediately before the initial "hearsay" objection and voir dire request, the witness's partial answer, on its face, was regarding "a statement that [Appellant] made" during his interview with Ranger Shea. When given the opportunity to clarify, counsel's speaking objection appears to be that Ranger Shea's anticipated answer to the pending question was going to constitute double hearsay and that, on that basis, counsel wanted to voir dire the witness.

There was no abuse of discretion in denying the request to voir dire the witness based on Appellant's hearsay objection. *See Vasquez v. State*, 819 S.W.2d 932, 935 (Tex. App—Corpus Christi 1991, pet. ref'd) (stating that Rule 705(b) voir dire "should be used sparingly as its overuse would undermine the rule: to quickly and efficiently elicit helpful expert opinions which aid the jury in its fact finding task"). From the context of the testimony, it does not appear that Ranger Shea was being offered as anything but a lay witness. Trial counsel for Appellant did not take the opportunity within his speaking objection to inform the trial court in plain terms that the witness's anticipated answer(s) would only be allowed of an expert witness. Trial counsel also did not inform the trial court that he wanted to voir dire

Ranger Shea "on the underlying facts or data" in support of an expert opinion before it was expressed to the jury. If Appellant's intent, as he impliedly argues in his brief, was to challenge Ranger Shea's qualification as an expert or to demonstrate that he lacked expertise in areas of anticipated expert opinion, then Rule 705(b) is not applicable, and the trial court was under no obligation to allow a voir dire examination at that point during the witness's direct testimony. *See Jenkins v. State*, 912 S.W.2d 793, 814 (Tex. Crim. App. 1993) (stating that trial counsel's request to take a witness on voir dire to "prove up" the witness's qualifications is not a request for a Rule 705(b) hearing).

However, when given the opportunity to explain, Appellant's trial counsel stated plainly that he was objecting to "double hearsay." In addition, Appellant's trial counsel did not revisit the issue of expert qualifications at any point during the examination of Ranger Shea. From a review of the record, it does not appear that trial counsel followed up in cross-examination. He did not ask the questions that he might have asked in a voir dire of the witness, nor did he request the trial court to strike the former testimony and instruct the jury to disregard. Further, no record was made of the questions that would have been propounded to Ranger Shea had trial counsel been allowed to take him on voir dire. There was no motion for mistrial.

We do not find that trial counsel properly requested under Rule 705(b) to examine Ranger Shea's underlying facts or data used in support of an anticipated expert opinion. In any event, trial counsel's request was not sufficiently specific to make the trial court aware of his complaint as to Ranger Shea's alleged expert testimony. Thus, we find that Appellant has not preserved this issue for appeal. *See* TEX. R. APP. P. 33.1(a). We overrule Appellant's first issue.

**2. Any error committed by the trial court in admitting the complained-of testimony is not reversible error.**

In his second issue, Appellant claims that the trial court committed reversible error when it allowed a witness to give hearsay testimony over trial counsel's objection. Ranger Shea testified that Appellant told him during the interview that Appellant had been sexually abused as a child by his sister. Appellant told Ranger Shea that, during one incident, Appellant told his sister that he needed to urinate, and she told him to urinate inside her. The following exchange occurred during the prosecutor's examination of Ranger Shea:

> [PROSECUTOR] Q: What was that that you learned, sir?
>
> A: . . . . Well, going back through the reports, the alleged victim in one of the reports --
>
> [DEFENSE COUNSEL]: Objection to hearsay.
>
> THE COURT: Excuse me?
>
> [DEFENSE COUNSEL]: Objection to hearsay. He's testifying to information he learned going back to the reports.
>
> THE COURT: You have a response?
>
> [PROSECUTOR]: Judge, first of all it doesn't go to the truth of the matter asserted. And basically he's just going back to what he learned in the investigation. He's not commenting on any hearsay from any individual.
>
> THE COURT: I'll overrule the objection.
>
> [PROSECUTOR]: Please go ahead.
>
> A: It was shown in one of the reports that the victim had also stated she needed to urinate, and [Appellant] said, "Just go ahead and urinate while we're having intercourse."

Ranger Shea then stated in his testimony *without objection* that the similarity between the act of Appellant urinating during intercourse with his sister and permission given by Appellant to Violet caused him to believe that Violet was telling

7

the truth in her allegations of sexual assault. In this context, Ranger Shea clarified that he was making no application to this case but that, in the cases that he had personally handled, a curious phenomenon he had observed was that former victims of abuse have themselves mirrored abusive conduct. There is a difference between using the statement of Ranger Shea as the reason why that investigator believed the victim versus an expert opinion that, because Appellant was sexually abused himself, it is more likely that Appellant would be a sexual abuser. It is the former, not the latter context in which the testimony was offered. This testimony was not given as scientific or expert testimony but, rather, as an explanation of why Ranger Shea personally believed the victim's outcry. *See Harris v. State*, 133 S.W.3d 760, 773–75 (Tex. App.—Texarkana 2004, pet. ref'd) (no harm in failing to allow voir dire of expert before offering "cycle of violence" testimony when prefaced as a pattern of response that expert had personally seen in other victims' behaviors).

Appellant's argument is that Ranger Shea's testimony, as it referred to what was written in the police report, was inadmissible hearsay. In general, the rule against hearsay "prohibits out-of-court 'statements' other than those 'made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.'" *Sanchez v. State*, 595 S.W.3d 331, 336 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (quoting TEX. R. EVID. 801(d)).

An error is harmless if, after examining the entire record, "we find reasonable assurance that the error did not influence the jury's verdict or had but a slight effect." *Id.* at 339. "A trial court's improper admission of evidence is not reversible error if the trial court admits the same or similar evidence without objection at another point in the trial." *Id.* Thus, if the fact to which the alleged hearsay relates has been sufficiently proven by other competent, unobjected-to evidence, "the admission of the hearsay is properly deemed harmless and does not constitute reversible error."

8

*Anderson v. State*, 717 S.W.2d 622, 627 (Tex. Crim. App. 1986). In addition, under these circumstances, "[w]hether or not the testimony complained of was admissible as an exception to the hearsay rule is irrelevant." *Id.*

Here, as previously stated, Violet had already testified that, during the assault, she told Appellant she needed to go to the bathroom and that Appellant told her, "It's okay, you can go to the bathroom here. It's natural." Thus, the subject of the complained-of statements from the police report was already properly in evidence. Therefore, presuming, without deciding, that the trial court erred when it allowed Ranger Shea to testify to what he read in the police report, the error, if any, did not reasonably influence the jury's verdict and was harmless. We overrule Appellant's second issue.

## This Court's Ruling

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS
JUSTICE


February 26, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.